# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00232-MR

| | |
|---|---|
| MARK WAYNE MILLER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social )<br>Security )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 7] and the Defendant's Motion for Summary Judgment [Doc. 8].

## I. PROCEDURAL BACKGROUND

The Plaintiff, Mark Wayne Miller ("Plaintiff"), asserts that his chronic back, neck, and shoulder pain constitute severe physical impairments under the Social Security Act (the "Act") rendering him disabled. On February 7, 2014, the Plaintiff filed an application for disability benefits under Title II and Part A of Title XVIII, alleging an onset date of January 13, 2014. [Transcript ("T.") at 218]. The Plaintiff's application was denied initially and upon reconsideration. [T. at 166, 172]. Upon Plaintiff's request, a hearing was

held on April 19, 2016, before an Administrative Law Judge ("ALJ"). [T. at 35, 180]. Present at the hearing were the Plaintiff; David Gantt, Plaintiff's attorney; and a vocational expert ("VE"). [T. at 37]. On July 20, 2016, the ALJ issued a decision, wherein the ALJ concluded that the Plaintiff was not disabled. [T. at 17-34]. On July 24, 2017, the Appeals Council denied the Plaintiff's request for review of the ALJ's Decision, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-4]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

3

42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must

4

assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is

entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at step five.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date, January 13, 2014. [T. at 22]. At step two, the ALJ found that the Plaintiff has the following severe impairments: degenerative disc disease, post-status back surgery, and post-status rotator cuff repairs bilaterally. [Id.]. At step two, the ALJ also addressed the Plaintiff's wrist impairment, which the ALJ found to be non-severe. [Id. at 23]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id.]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, has the RFC:

> [T]o perform light work as defined in 20 C.F.R. § 401.1567(b) except the [Plaintiff] can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds. The [Plaintiff] can occasionally balance and stoop, frequently kneel and crouch, but can never crawl. Additionally, the [Plaintiff] cannot engage in any overhead lifting or overhead reaching. He must avoid all exposure to hazards such as unprotected heights or dangerous moving machinery.

[Id.].

At step four, the ALJ identified Plaintiff's past relevant work as a road maintenance worker. [Id. at 26-7]. The ALJ observed, however, that because "a hypothetical individual with the [Plaintiff's] residual functional capacity would be incapable of performing the [Plaintiff's] past work," the Plaintiff "is unable to perform his past relevant work." [Id. at 27].

With the Plaintiff having carried his burden through the first four steps, the ALJ then assessed whether, at step five, the Commissioner could meet her burden of showing the availability of jobs Plaintiff is able to do, given his RFC. [Id. at 27-8]. Based upon the testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including bench assembler, fast food worker, and cutter. [Id. at 28]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from January 13, 2014, the alleged onset date, through July 20, 2016, the date of the ALJ's decision. [Id. at 28-9].

## V. DISCUSSION[1]

In this appeal, the Plaintiff appears to assert that the ALJ erred by failing to: (1) properly evaluate the treatment notes from Pardee Hospital Pain Center, including the treatment notes of Dr. Leland Berkwits; (2) conduct a function-by-function analysis pursuant to <u>Mascio</u> and Social Security Regulation 96-8p; (3) properly evaluate the credibility of Plaintiff's statements and four statements submitted by lay witnesses; and (4) pose proper hypothetical questions to the VE. [Doc. 7-1 at 1, 5-6].[2] The Defendant, on the other hand, asserts that the ALJ's determinations on these issues were supported by substantial evidence. [<u>See</u> Doc. 13]. The Court turns first to Plaintiff's assignment of error regarding the evaluation of the treatment notes from Pardee Hospital Pain Center and Dr. Leland Berkwits.

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

[2] The Plaintiff's memorandum initially asserts three assignments of error, but later appears to identify and insert an additional assignment of error concerning the ALJ's credibility analysis of the Plaintiff and four statements submitted by lay witnesses. [<u>See</u> Doc. 7-1 at 1, 6-7]. The Court notes that to the extent that Plaintiff attempts to weave numerous assignments of error into his arguments for the identified assignments of error, such arguments must be set forth in a separate assignment of error to be considered by this Court. <u>See</u> <u>e.g.</u> <u>Gouge v. Berryhill</u>, No. 1:16-CV-00076-MR, 2017 WL 3981146, at *2 (W.D.N.C. Sept. 11, 2017) (collecting cases). Moving forward, the Court instructs counsel for Plaintiff to clearly set forth each alleged error, cite relevant legal authority, and include a discussion as to how the cited authority supports his arguments.

8

## A. Evaluation of Pain Treatment Records

In his first assignment of error, the Plaintiff contends that the ALJ erred in failing to properly consider and assign weight to the pain treatment records of Dr. Berkwits and Pardee Hospital Pain Center (hereinafter "Pardee"). Specifically, the Plaintiff argues that the ALJ made only one vague reference to the Plaintiff's pain treatment records in his decision. [Doc. 7-1 at 5]. The ALJ, however, discussed Dr. Berkwits' findings and other medical providers at Pardee in summarizing the evidence and in considering the Plaintiff's back impairment, shoulder impairment, and alleged pain. [See T. 24-5]. Significantly, in supporting his conclusions regarding the Plaintiff's improvement and in formulating the limitations in the RFC assessment, the ALJ identified and discussed Dr. Berkwits' treatment notes and other evidence from Pardee. [Id.] Particularly, the ALJ noted that he assigned these treatment records little weight as the restrictions recommended were temporary in nature and were related to treatments received by the Plaintiff. [See T. at 25, 883-943]. The ALJ's conclusion in this regard is supported by substantial evidence.

The Plaintiff argues that the ALJ's failure to specifically name Dr. Berkwits or Pardee indicates he did not properly evaluate the treatment records. The ALJ's decision, however, clearly discussed and considered the

9

treatment records from Pardee, which included Dr. Berkwits treatment notes, as well as the treatment notes of the other various providers at Pardee. Thus, the ALJ's failure to specifically identify Dr. Berkwits by name was harmless. See Joines v. Colvin, No. 3:14-cv-00396-MOC, 2015 WL 1249579, at *5 (W.D.N.C. Mar. 18, 2015) (stating that an ALJ's failure to explicitly state the weight given to an opinion may constitute harmless error where the weight given to the opinion is discernible from the decision and any grounds for discounting it are reasonably articulated).

For these reasons, the Court concludes that the ALJ did not err in evaluating and assigning little weight to the treatment records from Pardee Hospital Pain Center, including the treatment notes of Dr. Berkwits. This first assignment of error is therefore overruled.

### B. RFC Assessment

In his second assignment of error, the Plaintiff argues the ALJ's failure to "perform an adequate function by function analysis" requires remand. The Plaintiff, however, does not provide any meaningful analysis in support of this assignment of error. The Plaintiff contends that the ALJ's decision violates Mascio, but does not articulate how the ALJ's reasoning is inconsistent with that decision, nor does he identify any particular limitation

that the ALJ failed to analyze.³ To the extent that the Plaintiff argues that the ALJ was obligated to accept the Plaintiff's allegations regarding the intensity of his physical limitations and thus failed to conduct an adequate functional analysis, this is plainly incorrect. The regulations clearly state that subjective complaints alone cannot establish disability, 20 C.F.R. §§ 404.1529(a) and 416.929(a), and the ALJ need not accept the Plaintiff's alleged limitations to the extent those subjective complaints are inconsistent with the objective medical evidence and other evidence, 20 C.F.R. §§ 404.1529(b) and 416.929(b).

Here, the ALJ correctly analyzed the Plaintiff's subjective complaints of physical pain, and substantial evidence supports his determination that the Plaintiff's allegations regarding the intensity of his pain are inconsistent

---

³ In the Plaintiff's Response to the Defendant's Motion for Summary Judgment, the Plaintiff states "it is important to look at the precise questions the ALJ below propounded to [the VE]." [Doc. 10 at 1]. Curiously, the Plaintiff then presents several quotes from the transcript of the testimony of the VE before concluding that the ALJ's analysis "does not comply" with the proper "legal requirements." [Doc. 10 at 1]. The Plaintiff, however, never identifies what aspects of the questions posed by the ALJ to the VE fail to comply with the correct legal standards, nor does the Plaintiff explain how the ALJ's decision does not comply with the correct legal standards. Further, to the extent the Plaintiff attempts to argue additional errors not identified, these errors cannot be addressed because they are not the subject of any assignments of error asserted by Plaintiff. See Mason v. Berryhill, No. 1:16-cv-148, 2017 WL 2664211, at *4 (W.D.N.C. May 30, 2017) (Howell, J.) ("Fatal to Plaintiff's argument, however, is that he fails to raise an assignment of error that the ALJ erred in construing Plaintiff's RFC. And this Court has repeatedly warned members of the social security bar [that] this Court will only consider those legal arguments properly set forth in a separate assignment of error.") (citing Woods v. Colvin, 1:16-cv-58, 2017 WL 1196467, at *6 n.2 (W.D.N.C. Feb. 8, 2017)). [Doc. 10 at 1-2].

with the rest of the evidence. At the outset, the ALJ noted the Plaintiff's statements that his neck injury, upper and lower back injury, and shoulder injuries are severe, and that he can only sit, stand, and walk for ten to fifteen minutes at a time before needing a break. [T. 24]. The ALJ then correctly contrasted Plaintiff's testimony with other relevant evidence. See 20 C.F.R. §§ 404.1529(c) and 416.929(c). For example, the ALJ discussed the Plaintiff's medical records at length, and particularly noted that the Plaintiff reported improvement with treatment. [T at 25 (citing T. at 595-660, 808, 816-876, 917, 922, 930]). The ALJ further noted that the Plaintiff reported to one provider that his condition was stable on medication and that he was "feeling great." [Id. (citing [T. at 792, 797]). The ALJ also considered the Plaintiff's activities of daily living, including sitting in a recliner and doing household chores, as well as the Plaintiff's testimony that he moved in with his father to prevent him from falling and to help with daily needs. [T. at 24]. In concluding that the Plaintiff's subjective complaints of pain were not entirely credible, the ALJ explained:

> Although the [Plaintiff] changed his reports in November 2014, stating none of his medications were helping, there is seemingly nothing in the record to support a deterioration in his condition to the point that medications no later [*sic*] were aiding in [*sic*] him at all.

[T. at 25 (citing T. at 799]). In addition, as noted above, the ALJ considered and discussed the Plaintiff's medical records from Dr. Berkwits and Pardee but assigned these records little weight as the restrictions recommended were temporary in nature. [T. at 24-5]. The ALJ even assigned less weight to the opinion of the State medical examiner, Dr. Melvin Clayton, on the basis that the additional records submitted by Plaintiff indicated his shoulder condition is more limiting than that opined by Dr. Clayton. [T. at 26]. The ALJ stated that the "evidence of record supports the finding that the [Plaintiff] is capable of engaging in light work... but he should never crawl or climb ladders, ropes or scaffolds." [Id.]. Further, the ALJ found that the Plaintiff "cannot overhead reach or lift, and must avoid all exposure to hazards." [Id.].

This Court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through the application of the correct legal standard. Bird, 699 F.3d at 340. In reviewing for substantial evidence, this Court cannot undertake to reweigh conflicting evidence or substitute its judgment for that of the ALJ. Johnson, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Id. (quoting Craig v. Charter, 76 F.3d at 589). The ALJ discussed the conflicting evidence in the record and presents "such relevant evidence as a

13

reasonable mind might accept as adequate" to support his finding on Plaintiff's ability to perform light work with additional limitations. Craig, 76 F.3d at 589. It is not within the province of this Court to reweigh that evidence or substitute its judgment for the ALJ's.

The Plaintiff fails to identify any specific limitation that is supported by the record but was not addressed in the RFC. Further, the ALJ's conclusions are supported by the substantial evidence he cited.

For these reasons, the Plaintiff's second assignment of error is without merit.

### C. Credibility Analysis

Next, the Plaintiff argues that the ALJ erred in evaluating the credibility of the Plaintiff's subjective complaints, as well as the four lay statements submitted by the Plaintiff's friends and family. [Doc. 7-1 at 6].

When assessing subjective symptoms, the ALJ must first consider whether there is a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. 20 C.F.R. §§ 404.1529(b) and 416.929(b). If there is such an impairment, then the ALJ must evaluate the intensity and persistence of the symptoms to determine the extent to which these symptoms limit the claimant's capacity for work. 20 C.F.R. §§ 404.1529(c) and 416.929(c).

Here, the ALJ properly followed this two-step process when assessing the Plaintiff's alleged symptoms. In so doing, the ALJ considered the entire evidence of record and the following specific factors: daily activities; the location, duration, frequency, and intensity of symptoms; precipitating or aggravating factors; the type, dosage, effectiveness, and side effects of medications used to alleviate pain or symptoms; and other treatments used to relieve pain or symptoms. See 20 C.F.R. §§ 404.1529(c) and 416.929(c). For example, as previously discussed, the ALJ considered and discussed the Plaintiff's medical records from Dr. Berkwits and Pardee. [T. at 24-5]. The ALJ also considered and accurately recounted the Plaintiff's testimony about his daily activities, symptoms, and alleged pain. [Id.].

The ALJ further provided several specific reasons for not accepting all of the allegations about Plaintiff's symptoms. For example, the ALJ explained that the record indicated that the Plaintiff reported that his engagement in physical therapy, branch blocks, radiofrequency ablations and acupuncture, helped and improved his symptoms. [T. 29]. The ALJ also noted that despite certain occasions of slow ambulation, the record consistently documented few abnormalities, good strength and abduction, normal gait with the ability to rise from heels and toes, normal flexion, and no evidence of neurological impingement. [Id.]. The ALJ further explained that although the Plaintiff

15

complained of joint pain and weakness in his extremities, the record demonstrated normal range of motion and strength, and considered this in supporting his finding that the Plaintiff is restricted from overhead reaching or lifting. [Id.].

Contrary to the Plaintiff's claims, the ALJ identified which allegations he deemed credible. For example, the ALJ considered the Plaintiff's impairments in combination and acknowledged the Plaintiff has some pain and limitations resulting from his back and shoulder impairments, but nothing in the record supported a finding that the Plaintiff's condition had deteriorated to the point that his medications were no longer aiding him. [T. at 25]. The ALJ also acknowledged the statements submitted by the Plaintiff's friends and family, observing that the statements were generally consistent with the Plaintiff's statements. [T. at 26]. The ALJ, however, properly assigned these statements little weight considering their lack of medical training and the individuals' relationship to the Plaintiff. [Id.] In assigning the statements little weight, the ALJ also noted the statements as inconsistent with both the evidence of record and the Plaintiff's ongoing care of his elderly father. [Id.]. The ALJ's decision clearly explains and reflects which allegations the ALJ credited.

For these reasons, the Court concludes that the ALJ did not err in assessing the credibility of the Plaintiff or the four lay statements submitted by the Plaintiff's friends and family. This third assignment of error is therefore overruled.

### D. Hypothetical Question to the VE

Finally, Plaintiff contends that the ALJ erred by failing to pose a proper hypothetical question to the VE. Specifically, the Plaintiff contends that the hypothetical question failed to include a range of work limited to the sedentary exertional level, which the Plaintiff argues is warranted based on Dr. Berkwits' treatment records. [Doc. 7-1 at 6]. For the reasons discussed above, the Court concludes that there is substantial evidence to support the ALJ's RFC determination and therefore the hypothetical question posed to the VE was proper. Accordingly, this fourth and final assignment of error is overruled.

## VII. CONCLUSION

For all of the reasons set forth above, the Court concludes that the ALJ applied the correct legal standards in reviewing the Plaintiff's claim. The Court further finds that there is substantial evidence in the record to support the ALJ's finding that the Plaintiff was not under a disability, as defined by

the Social Security Act, during the relevant time period. Accordingly, the Commissioner's decision is hereby affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 7] is **DENIED;** the Defendant's Motion for Summary Judgment [Doc. 8] is **GRANTED**; the decision of the Commissioner is **AFFIRMED**; and this case is hereby **DISMISSED**. A judgement shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: September 26, 2018

Martin Reidinger
United States District Judge